UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAMON MACIAS, et al.,<br><br>Defendants. | Case No. 20-cv-02916-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 15 |

The Clerk of Court entered default against Defendants Ramon Macias, individually and d/b/a Los Compadres Bar & Grill and Los Compadres Bar & Grill, Inc., an unknown business entity d/b/a Los Compadres Bar & Grill (collectively, "Defendants"), after Defendants failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. Dkt. 14. Before the Court is Plaintiff G&G Closed Circuit Events, LLC's motion for default judgment. Dkt. 15. Defendants, not having appeared in this action to date, have not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter for suitable for resolution without oral argument.

For the reasons that follow, the Court **DENIES** Plaintiff's motion for default judgment, without prejudice to Plaintiff filing an amended complaint and/or renewed motion for default judgment if it has additional evidence regarding Defendants' unlawful exhibition of the closed-circuit program at issue in this case.

**I.  BACKGROUND**

Plaintiff is a commercial distributor and licensor of closed-circuit sports and entertainment programming. Dkt. 1 (Complaint) ¶ 21; Dkt. 15-2 (Gagliardi Decl.) ¶ 3. Plaintiff alleges that it owns exclusive nationwide commercial distribution (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Daniel Jacobs WBA/WBC/IBF Middleweight Championship Fight Program* on May 4, 2019, including all under-card bouts and fight commentary (collectively, the "Program"). Dkt. 1

¶ 18; Dkt. 15-2 ¶¶ 3-4 and Ex. 1.  Plaintiff then sublicensed the right to publicly exhibit the Program to various commercial entities throughout California and North America.  Dkt. 1 ¶ 19; Dkt. 15-2 ¶ 3.

Plaintiff alleges that Defendants unlawfully intercepted and exhibited the Program at their commercial establishment, Los Compadres Bar & Grill, located at 4126 Monterey Road, San Jose, California 95111.  Dkt. 1 ¶¶ 12, 23-24; Dkt. 15-2 ¶¶ 3, 7, 9-11.

On April 28, 2020, Plaintiff filed this action for violation of 47 U.S.C. §§ 553 and 605, conversion, and violation of California Business and Professions Code §§ 17200 *et seq*. Dkt. 1.  In the present motion for default judgment, however, Plaintiff seeks damages only under 47 U.S.C. § 605 and for conversion.  Dkt. 15-1 at 5.

## II.   LEGAL STANDARD

After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested.  *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013).  The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant.  *Id.* at *3-4.

If the Court concludes that the defaulted defendant was properly served and that the Court has jurisdiction, the Court must next consider whether default judgment is appropriate, considering seven factors set forth by the Ninth Circuit:  (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In considering these factors, the Court takes all well-pleaded factual allegations in the complaint as true, except those concerning damages.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III. REQUEST FOR JUDICIAL NOTICE

Included in Plaintiff's motion for default judgment is a request that the Court take judicial notice of the following documents: (1) a copy of the liquor license for Los Compadres Bar & Grill Inc., obtained from the California Department of Alcoholic Beverage Control website; (2) the Business Entity Detail for Los Compadres Bar & Grill Inc., obtained from the California Secretary of State website; and (3) the Statement of Information for Los Compadres Bar & Grill Inc., obtained from the California Secretary of State website. Dkt. 15-3 at ¶¶ 10-12 and Exs. 1-3. A court may take judicial notice of such public records because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Ev. 201(b)(2); *see also J&J Sports Productions, Inc. v. Mendoza-Lopez*, No. 17-cv-06421-YGR (JSC), 2018 WL 4676903, at *1 n.1 (N.D. Cal. Mar. 29, 2018). Accordingly, the Court takes judicial notice of the Exhibits 1-3 to the Declaration of Thomas P. Riley (Dkt. 15-3) submitted in support of Plaintiff's motion for default judgment.

### IV. DISCUSSION

#### A. Service and Jurisdiction

Plaintiff filed proofs of service of the Summons and Complaint on Defendant Ramon Macias, both personally and as agent for service of process for Defendant Los Compadres Bar & Grill, Inc. Dkt. 10-11. A sworn proof of service constitutes "prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Securities & Exchg. Comm'n v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007). Accordingly, based on the sworn proofs of service filed by Plaintiff, the Court concludes that service was proper.

The Court has subject matter jurisdiction over this matter because federal statutes are at issue, and the Court can exercise supplemental jurisdiction over the state law claims. 28 U.S.C. §§ 1331, 1367. The requirement of personal jurisdiction is also satisfied because Defendants were served, reside, and do business in California. *See J. McIntyre Machinery, Ltd. v. Nicastro,* 564 U.S. 873, 880-81 (2011).

Having concluded that the threshold requirements of service and jurisdiction are met, the Court proceeds to review the substance of Plaintiff's motion for default judgment.

### B.     *Eitel* Factors

Upon consideration of the *Eitel* factors, the Court concludes that entry of default judgment is not appropriate based on the record currently before the Court.  In its motion for default judgment, Plaintiff seeks damages on its claim for violation of 47 U.S.C. § 605(a), which provides that "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception."  Plaintiff also seeks damages for conversion, which requires Plaintiff to show:  (1) Plaintiff's ownership or right to possession of the property at the time of the conversion; (2) Defendants' conversion by a wrongful act or disposition of property rights; and (3) damages.  *Spates v. Dameron Hosp. Assn.*, 114 Cal. App. 4th 208, 221 (2003).

The complaint alleges with respect to the claim for violation of section 605 that on May 4, 2019, "Defendants intercepted, received, and published the *Program* at Los Compadres Bar & Grill" and "divulged and published said communication, or assisted or permitted in divulging and publishing said communication to patrons within Los Compadres Bar & Grill."  Dkt. 1 ¶ 23; *see also id.* ¶¶ 12, 24.  Plaintiff's claim for conversion alleges that "[b]y their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the *Program* and wrongfully converted the same for their own use and benefit."  *Id.* ¶ 37.

Although the Court must accept all well-pleaded allegations regarding liability as true, the allegations Plaintiff relies on to establish liability merely "parrot[] the statute's language" or are "little more than broadly stated, copy-past legal conclusions" and thus are not entitled to a presumption of truth.  *J&J Sports Productions, Inc. v. Crawford*, No. 16-cv-01744-RS, 2016 WL 5942231, at *1 (N.D. Cal. Oct. 13, 2016).

The affidavit of Plaintiff's investigator, John Poblete, submitted in support of Plaintiff's motion for default judgment fails to supply the information missing from Plaintiff's complaint.  Mr. Poblete states that he visited Los Compadres Bar & Grill on the evening of May 4, 2019.  Dkt.

4

15-4. Mr. Poblete says that while he was inside the establishment, he observed the following on televisions in the establishment: "The fight had not yet started as this was mins before the start of the 'main event' bout between, Canelo Alvarez, and Daniel Jacob; Canelo was in the white/gold trunks, with Jacobs in the black/red trunks." *Id.* This affidavit does not establish that Defendants intercepted, received, or published the Program in violation of section 605 or that they committed conversion. Mr. Poblete does not claim to have seen any part of the main event fight, the under-card bouts, or the fight commentary to which Plaintiff's rights pertain. Although Mr. Poblete describes what the main event fighters were wearing, that information could have been ascertained from sources other than an unlawful display of the fight itself.

The inadequacies in Plaintiff's complaint and the affidavit of its investigator leave open the possibility of disputes concerning material facts and therefore weigh against entry of default judgment. Other *Eitel* factors also lead the Court to conclude that default judgment should be denied on the record as it now stands. Plaintiff asks the Court to award the not-insubstantial sum of $22,750. The policy favoring decisions on the merits also weighs against entering default judgment. Plaintiff will not be prejudiced by denial of its motion because it can seek to amend its deficient complaint, or it can provide additional evidence, if available, from its investigator. *See Crawford*, 2016 WL 5942231, at *2. Although there is no evidence that Defendants' default resulted from excusable neglect, this consideration does not outweigh the other *Eitel* factors, which weigh conclusively in favor of denying Plaintiff's motion for default judgment.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment is **DENIED**. If it can do so in accordance with the standards of Federal Rule of Civil Procedure Rule 11, Plaintiff may file an amended complaint and/or renewed motion for default judgment **by December 18, 2020**, and shall state with particularity sufficient facts to establish Defendants' liability. A Case

////
////
////
////

5

Management Conference will be held on **March 9, 2021 at 9:30 a.m.**, with a Case Management Report due on **March 2, 2021.**

      **SO ORDERED.**

Dated: November 19, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge